96 November 8, 2023 No. 584

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of D. S.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

D. S.,
*Appellant.*

Multnomah County Circuit Court
21JU01376
Petition Number 210317048
A177097

Francis G. Troy II, Judge.

Argued and submitted October 10, 2023.

Erica Hayne Friedman argued the cause for appellant. Also on the brief was Youth, Rights & Justice.

Christopher A. Perdue, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and David B. Thompson, Assistant Attorney General.

Before Egan, Presiding Judge, and Kamins, Judge, and DeVore, Senior Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Youth entered a conditional admission to one count of what, if committed by an adult, would constitute the misdemeanor crime of unlawful possession of a firearm, ORS 166.250. On appeal, youth assigns error to the juvenile court's denial of his motion to suppress evidence obtained as a result of police questioning and a search of his vehicle. We affirm.

Youth attended a house party during which gunshots were fired, prompting a visit from law enforcement. While investigating that incident, officers questioned the partygoers, including youth, and obtained consent to search youth's vehicle. The search of youth's car revealed a handgun.

On appeal, youth first argues that the juvenile court erred in denying his motion to suppress because he was in compelling circumstances but was not provided *Miranda* warnings before police questioned him. *See State v. Roble-Baker*, 340 Or 631, 638, 136 P3d 22 (2006) (before questioning a suspect, police must provide *Miranda* warnings if that person is either in "full custody or in circumstances that create a setting which judges would and officers should recognize to be compelling" (internal quotation marks omitted)).

To determine whether circumstances are "compelling, " Oregon courts rely on a number of nonexclusive factors, including: "(1) the location of the encounter * * *; (2) the length of the encounter, * * *; (3) the amount of pressure exerted on the defendant * * *; and (4) the defendant's ability to terminate the encounter[.]" *Id*. at 640-41. In deciding whether a defendant was in compelling circumstances, we "will consider all the circumstances, and [our] overarching inquiry is whether the officers created the sort of police-dominated atmosphere that *Miranda* warnings were intended to counteract." *Id.* at 641. We review the trial court's decision for legal error. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993).

We conclude that the fourth factor favors youth because of his young age and high level of intoxication and because he was not free to terminate the encounter, and the second factor, considering the length of the encounter,

is neutral. The overall detention period lasted for at least an hour, but the individual interaction periods between the officers and youth appear to have been brief.

However, the first and third factors—location of the encounter and amount of pressure exerted on the defendant—favor the state's position. The location of the encounter—inside a house youth was visiting—appears to have been comfortable, youth was not arrested or handcuffed, the officers' questions were not aggressive, coercive, or repetitive, and youth was held at the scene along with all other partygoers so that officers could investigate a crime unrelated to him and ensure the guests' ongoing safety. Viewing the circumstances in their totality, we conclude that youth was not in compelling circumstances such that *Miranda* warnings were necessary prior to the police questioning. *See State v. N. J. D. A.*, 322 Or App 26, 32-36, 519 P3d 125 (2022) (holding that a 14-year-old youth was not in compelling circumstances where he was not alone with the officer, the location was comfortable, he was not treated as a suspect, the officer's questions were not repetitive, escalating, or aggressive, and the length of the encounter between youth and the officer was less than 10 minutes); *State v. Phillips*, 302 Or App 618, 632, 459 P3d 909, *rev den*, 366 Or 552 (2020) (holding that a "low-key" police encounter that involved multiple officers, "did not last overly long," "did not include threats, promises of leniency, or accusations that defendant was lying," and involved a "few straightforward questions of defendant" did not amount to compelling circumstances).

And for the same reasons that these circumstances are not compelling for purposes of Article I, section 12, we conclude that they also do not amount to a formal arrest for purposes of the Fifth Amendment. *See State v. Dunlap*, 215 Or App 46, 58, 168 P3d 295 (2007) (determining that where compelling circumstances were not present, the circumstances were also not comparable to those associated with formal arrest). The juvenile court correctly refused to suppress youth's statements to the police as well as the evidence that was discovered as a result of those statements.

Second, youth argues that his agreement to allow the police to search his vehicle did not constitute voluntary

consent, so the evidence obtained as a result of the search must be suppressed. To establish that consent is voluntarily obtained under both the Oregon and federal constitutions, the state must establish that, "under the totality of the circumstances, the consent was given by an act of a defendant's free will as opposed to resulting from express or implied coercion." *State v. Jordan*, 308 Or App 547, 552, 481 P3d 1017 (2021); *State v. Tate*, 315 Or App 751, 761, 501 P3d 1064 (2021), *rev den*, 369 Or 733 (2022).

Youth and the state disagree regarding whether facts in the record, viewed in their totality, indicate that the atmosphere surrounding the consent was coercive or threatening. Again reviewing for legal error, *State v. Venturi*, 166 Or App 46, 50, 998 P2d 748 (2000), we conclude that the deputy obtained valid consent from youth before searching his vehicle. Despite the circumstance of youth's age weighing against consent being voluntary, *State v. Scott*, 82 Or App 645, 649, 729 P2d 585 (1986) ("age is * * * one factor to be considered in determining * * * whether the minor's consent was knowing and voluntary"), the other circumstances indicate that the consent was voluntary. The language and tone of the deputy's request were not coercive, and it cannot be said that his words "left defendant with the impression that a search was inevitable." *Jordan*, 308 Or App at 553. Nor was youth individually targeted or isolated during the search request—the deputy asked youth and another individual (neither of whom were suspects) whether he could search their vehicles to secure the scene. *See State v. Magana*, 265 Or App 416, 422, 335 P3d 318 (2014) (noting a factor relevant to voluntariness includes "whether the person who gives consent is the subject of an investigation" (internal quotation marks omitted)). Further, there is no evidence that "physical force was used or threatened," that "weapons were displayed," or that the "atmosphere surrounding the consent [was] antagonistic or oppressive." *Jordan*, 308 Or App at 553-54 (holding that defendant's consent was not voluntary where the officer made the request to search multiple times, placed his hands on defendant's outerwear during the request, accused defendant of committing crimes prior to the request, had already taken substantial steps to

begin the search, and defendant and the officer were stand-ing alone in an isolated location).

All in all, under the totality of the circumstances, we conclude that the state carried its burden of establish-ing that youth's consent to the search was voluntary. We reach the same conclusion under the Fourth Amendment, as the voluntariness test under federal law "is essentially the same as the test under the Oregon Constitution[.]" *Tate*, 315 Or App at 761. The juvenile court therefore properly denied suppression of the evidence discovered in the vehicle.

Affirmed.